[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Leyh*, Slip Opinion No. 2022-Ohio-292.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-292

THE STATE OF OHIO, APPELLEE, *v*. LEYH, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Leyh*, Slip Opinion No. 2022-Ohio-292.]

*Appellate law—App.R. 26(B)—Under App.R. 26(B), the determination whether appellate counsel was deficient and prejudiced an applicant is to be made after the appeal has been reopened and the parties are afforded the opportunity to have counsel, transmit the necessary record, and substantively brief the issues—Court of appeals' judgment reversed.*

(No. 2020-0819—Submitted April 28, 2021—Decided February 8, 2022.)

APPEAL from the Court of Appeals for Summit County,

No. 29298, 2019-Ohio-3640.

_____

**DONNELLY, J.**

{¶ 1} Under App.R. 26(B), a defendant in a criminal case may apply to reopen his direct appeal from a judgment of conviction and sentence based on a claim of ineffective assistance of counsel on appeal. The issue in this case is

whether the Ninth District Court of Appeals erred in denying appellant Clarence Leyh's application to reopen his appeal. Because Leyh's application shows that there is a genuine issue as to whether he was deprived of the effective assistance of appellate counsel, we reverse the judgment of the court of appeals and remand this case to that court for further proceedings consistent with this opinion.

**Background**

**{¶ 2}** Leyh pleaded guilty to an indictment that charged him with two counts of gross sexual imposition in violation of R.C. 2907.05(A)(5)/(C)(1), fourth-degree felonies; two counts of gross sexual imposition in violation of R.C. 2907.05(A)(1)/(C)(1), fourth-degree felonies; one count of sexual imposition in violation of R.C. 2907.06(A)(1)/(C), a third-degree misdemeanor; and one count of sexual imposition in violation of R.C. 2907.06(A)(3)/(C), a third-degree misdemeanor. On December 21, 2018, the trial court sentenced Leyh to one-year prison terms for each felony offense and 60-day jail terms for each misdemeanor offense. The trial court ordered the felony sentences to be served consecutively to each other and ordered the misdemeanor sentences to be served concurrently with each other and with the felony sentences. Leyh received an aggregate prison term of four years and was adjudicated a Tier I sex offender.

**{¶ 3}** The trial court's sentencing entry stated that it had "performed an analysis concerning allied offenses in regard to *State v. Johnson* and finds that the charges to the Indictment are not allied offenses of similar import, and do not merge for purposes of sentencing herein."[1] The entry also stated that "[n]either the state nor defense counsel objected to the Court's determination."

**{¶ 4}** On January 22, 2019, Leyh's trial counsel filed the notice of appeal. Counsel contemporaneously filed a docketing statement indicating that the record

---

1. We assume that the citation in this judgment entry is to our decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, *abrogated by State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892.

would include "a full or partial transcript of proceedings prepared for [the] appeal by a court reporter appointed by the trial court, who [counsel] served with a praecipe that [counsel] also filed with [the] court." The record does not reflect that a praecipe was ever served upon the court reporter or filed with the court.

{¶ 5} On March 5, 2019, the clerk of court notified the parties that the record had been filed with the court of appeals and that the record consisted of a transcript of the docket and the journal entries. The notice did not reflect that the record included a full or partial transcript of proceedings prepared by the court reporter.

{¶ 6} On April 12, 2019, Leyh's appellate brief was filed. Counsel raised one assignment of error: "THE TWO COUNTS OF GROSS SEXUAL IMPOSITION UNDER R.C. 2907.05(A)(1) AND GROSS SEXUAL IMPOSITION UNDER R.C. 2907.05(A)(5) ARE ALLIED OFFENSES OF SIMILAR IMPORT AND SHOULD HAVE MERGED FOR SENTENCING PURPOSES."[2] (Capitalization sic.) Counsel appended a copy of Leyh's presentence-investigation report ("PSI") to the brief.

{¶ 7} In its merit brief in the court of appeals, the state pointed out that Leyh had "failed to ensure that a transcript of the sentencing hearing was made a part of the appellate record." The state further noted: "A review of the record bears no indication that Appellant filed a praecipe with the court reporter to prepare transcripts of the hearing. Thus, no transcripts were ever prepared or transmitted to the clerk of the court of appeals." Leyh's appellate counsel still took no action to secure the hearing transcripts for Leyh's appeal.

---

2. Leyh is currently serving four one-year consecutive sentences. If his allied-offense argument has merit, then he would be sentenced on only two fourth-degree felonies, each carrying a maximum prison term of 18 months, R.C. 2929.14(A)(4). If Leyh were given the maximum sentence—18 months for each offense to be served consecutively—then that would result in his serving a three-year prison term. Leyh's current expected release date, after serving four years, is November 21, 2022. His release date on a three-year term would be November 21, 2021.

**{¶ 8}** The state separately moved to strike the confidential PSI pursuant to R.C. 2951.03(A)(2) and (D)(1) and 9th Dist.Loc.App.R. 7. The state's unopposed motion was granted in a May 22, 2019 magistrate's order, striking the PSI from the record.

**{¶ 9}** On September 11, 2019, the court of appeals unanimously overruled Leyh's single assignment of error without reaching the merits. The court of appeals reasoned that due to the incomplete record, it was compelled to presume regularity in the lower-court proceedings and affirm the trial court's judgment. 2019-Ohio-3640, ¶ 7.

**{¶ 10}** On November 13, 2019, represented by new appellate counsel, Leyh filed a timely application to reopen his direct appeal pursuant to App.R. 26(B). An affidavit by Leyh's new appellate counsel supported Leyh's allegation that his original appellate counsel's performance was deficient for failing to include the sentencing-hearing transcript and the PSI in the appellate-court record to substantiate his claim that the trial court erred by failing to merge allied offenses of similar import. Leyh further argued that counsel's failure to include the transcript and the PSI in the record prejudiced him by requiring the court of appeals to presume regularity in the trial-court proceedings due to the incomplete record.

**{¶ 11}** Although the state did not oppose Leyh's App.R. 26(B) application, in a two-to-one decision, the court of appeals denied it on February 19, 2020. The court of appeals subsequently denied Leyh's application for reconsideration and en banc consideration by the same two-to-one vote.

**{¶ 12}** On September 1, 2020, we accepted Leyh's discretionary appeal which proffered the following proposition of law:

> In order to ensure that an appellant who has been convicted of a felony offense has a meaningful right to appeal, a district court must grant an App.R. 26(B) application to reopen when there are

one or more colorable issues identified in that application, and prior appellate counsel failed to ensure that a complete record—including all relevant transcripts—was made for appellate review.

*See* 159 Ohio St.3d 1487, 2020-Ohio-4232, 151 N.E.3d 639.

## Law and Analysis

**{¶ 13}** Concluding that Leyh failed to show that "there was a reasonable probability that he would have been successful" if the sentencing-hearing transcripts and PSI had been included in the record, the court of appeals determined that there was no genuine issue presenting a colorable claim of ineffective assistance of appellate counsel and accordingly denied Leyh's application to reopen his appeal under App.R. 26(B). 9th Dist. Summit No. 29298, at 4 (Feb. 19, 2020). Based on the structure and text of App.R. 26(B), however, we conclude that the court of appeals erred by requiring Leyh to provide a demonstrable showing of ineffective assistance of appellate counsel and a likelihood of success on the merits of his direct appeal—in effect, that Leyh would have won the appeal but for counsel's deficient performance—as a condition to granting Leyh's application to reopen his appeal under App.R. 26(B).

### *Standard of Review*

**{¶ 14}** Because the Ninth District's decision involves the interpretation and application of a rule of appellate procedure, it presents a question of law, and we review questions of law de novo, *see State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, 11 N.E.3d 1175, ¶ 9 (the interpretation of a statute is a matter of law that is reviewed de novo); *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13 (a lower court's interpretation of the law is reviewed de novo).

*Application for Reopening a Direct Appeal Under App.R. 26(B)*

{¶ 15} In *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), *superseded by rule as stated in State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, this court held that claims of ineffective assistance of appellate counsel were not cognizable in postconviction proceedings pursuant to R.C. 2953.21. *Id*. at paragraph one of the syllabus. Ineffective-assistance-of-appellate-counsel claims could, however, be raised in a timely application for reconsideration pursuant to former App.R. 26 in the court of appeals or in a direct appeal to this court. *Id*. at paragraph two of the syllabus. Alternatively, if those deadlines expired, an ineffective-assistance-of-appellate-counsel claim could also be raised in an application for delayed reconsideration in the court of appeals followed by a delayed appeal to this court. *Id*. at paragraph three of the syllabus.

{¶ 16} One year after this court announced its decision in *Murnahan*, and in direct response to that decision, App.R. 26 was amended to establish a procedural mechanism to adjudicate and, if warranted, reopen a direct appeal based on a claim of ineffective assistance of appellate counsel. *See Davis* at ¶ 13 ("To be sure, App.R. 26(B) emanates directly from *Murnahan*"). *See also* 1993 Staff Notes to App.R. 26 (the amendment to App.R. 26 was in response to this court's opinion in *Murnahan*). In *Davis* at ¶ 26, this court stated:

> App.R. 26(B) creates a special procedure for a thorough determination of a defendant's allegations of ineffective assistance of counsel. The rule creates a separate forum where persons with allegedly deficient appellate counsel can vindicate their rights.

{¶ 17} Claims of ineffective assistance of appellate counsel under App.R. 26(B) are subject to the two-pronged analysis enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See State v.*

*Simpson*, 164 Ohio St.3d 102, 2020-Ohio-6719, 172 N.E.3d 97, ¶ 14, *id*. at ¶ 23 (O'Connor, C.J., concurring), *id*. at ¶ 28 (Fischer, J., concurring); *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996); *see also* 1993 Staff Notes to App.R. 26 ("The term 'ineffective assistance of counsel' is intended to comprise the two elements set forth in *Strickland*").

{¶ 18} In accordance with the *Strickland* analysis, an applicant must show that (1) appellate counsel's performance was objectively unreasonable, *id*. at 687, and (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694. *See Smith v. Robbins*, 528 U.S. 259, 285-286, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. As explained hereafter, App.R. 26(B) itself prescribes sequential stages for the two-pronged *Strickland* analysis.

*App.R. 26(B)'s Two-Stage Procedure*

{¶ 19} App.R. 26(B) establishes a two-stage procedure to adjudicate claims of ineffective assistance of appellate counsel. *See Simpson* at ¶ 12 ("App.R. 26(B) * * * creates a two-step process"); *see also* 1993 Staff Notes to App.R. 26 (the amended rule presents a two-stage procedure). "The first stage involves a threshold showing for obtaining permission to file new appellate briefs." *Id*., quoting *Murnahan*, 63 Ohio St.3d at 66, 584 N.E.2d 1204 (an applicant must " 'put forth a colorable claim of ineffective assistance of appellate counsel' ").

{¶ 20} At that first stage, the applicant must apply to have his appeal reopened following the procedure set out in App.R. 26(B)(1) through (4). *Simpson*, 164 Ohio St.3d 102, 2020-Ohio-6719, 172 N.E.3d 97, at ¶ 12. A timely App.R. 26(B) application must contain "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation." App.R. 26(B)(2)(c). It

must additionally contain "[a] sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of [App.R. 26] and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record." App.R. 26(B)(2)(d). The application must contain "[a]ny parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies." App.R. 26(B)(2)(e).

{¶ 21} The application for reopening "shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). The burden is on the applicant to demonstrate a "genuine issue" as to whether there is a "colorable claim" of ineffective assistance of appellate counsel. *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). Indeed, "[a] substantive review of the claim is an essential part of a timely filed App.R. 26(B) application." *Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, at ¶ 26. If a court of appeals denies the application, then it must state its reasons for the denial in its judgment entry. App.R. 26(B)(6).

{¶ 22} If the court of appeals grants the application, then the matter proceeds to the second stage of the procedure, which "involves filing appellate briefs and supporting materials with the assistance of new counsel, in order to establish that prejudicial errors were made in the trial court and that ineffective assistance of appellate counsel in the prior appellate proceedings prevented these errors from being presented effectively to the court of appeals." 1993 Staff Notes to App.R. 26(B). *See Simpson* at ¶ 13 (when an application is granted, the case proceeds to the second stage and is treated as if it were an initial direct appeal with briefing and oral argument).

{¶ 23} If an applicant who proceeds to stage two is indigent and not represented by counsel, App.R. 26(B)(6)(a) directs the court of appeals to appoint

counsel to represent the applicant, and App.R. 26(B)(6)(b) directs the court of appeals to impose any conditions that are necessary to "preserve the status quo during the pendency of the reopened appeal." App.R. 26(B)( ) states that the case shall thereafter proceed as an initial appeal in accordance with Ohio's Rules of Appellate Procedure "except that the court may limit its review to those assignments of error and arguments not previously considered." "The time limits for preparation and transmission of the record pursuant to App.R. 9 and 10 shall run from journalization of the entry granting the application." *Id.* Further, "[t]he parties shall address in their briefs the claim that representation by prior appellate counsel was deficient and that the applicant was prejudiced by that deficiency." *Id.* Under App.R. 26(B)(8), the court of appeals may order an evidentiary hearing if it determines that one is necessary. *See Simpson*, 164 Ohio St.3d 102, 2020-Ohio-6719, 172 N.E.3d 97, at ¶ 13.

{¶ 24} App.R. 26(B)(9) then directs the court of appeals to decide whether original appellate counsel provided ineffective assistance to the applicant under the *Strickland* analysis, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. App.R. 26(B)(9) states:

> If the court finds that the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency, the court shall vacate its prior judgment and enter the appropriate judgment. If the court does not so find, the court shall issue an order confirming its prior judgment.

To put it differently, the prior appellate judgment may not be altered unless the applicant establishes at the second stage that the direct appeal was meritorious and failed because appellate counsel rendered ineffective assistance under the two-pronged *Strickland* standard. *See* 1993 Staff Notes to App.R. 26(B).

**{¶ 25}** Thus, the two-stage procedure prescribed by App.R. 26(B) requires that the applicant seeking permission to reopen his direct appeal show at the first stage that there is at least a genuine issue—that is, legitimate grounds—to support the claim that the applicant was deprived of the effective assistance of counsel on appeal. *See* App.R. 26(B)(5). If that showing is made and the application is granted, the applicant must then establish at the second stage the merits of both the direct appeal and the claim for ineffective assistance of appellate counsel. *See* App.R. 26(B)(9).

*The Ninth District's Application of App.R. 26(B)*

**{¶ 26}** This case concerns the Ninth District's determination at the first procedural stage that Leyh's prior appellate counsel's failure to include in the record Leyh's sentencing-hearing transcript and/or PSI did not present a "genuine issue" as to whether Leyh had a "colorable claim" of ineffective assistance of appellate counsel. The court of appeals acknowledged that Leyh's original appellate counsel's performance was deficient by failing to file a complete record for review on appeal. 9th Dist. Summit No. 29298, at 4 (Feb. 19, 2020) ("Leyh has established that that appellate counsel was deficient"). The state does not contest that determination.

**{¶ 27}** The court of appeals nevertheless denied Leyh's application to reopen because the application did not show that "there was a reasonable probability that he would have been successful" had the sentencing-hearing transcripts and PSI been included in the record for his direct appeal. *Id.* The court of appeals erred, however, by requiring that Leyh establish at the first procedural stage a showing of virtual, if not certain, success of his App.R. 26(B) claims. That showing is far beyond that which App.R. 26(B) contemplates or requires before granting the applicant permission to reopen his direct appeal.

*Genuine Issue as to Whether Counsel's Deficient Performance Prejudicially Affected the Outcome of the Appeal*

{¶ 28} Leyh's App.R. 26(B) application, which included his new appellate counsel's affidavit, sufficiently set forth "the manner in which the deficiency prejudicially affected the outcome of the appeal," App.R. 26(B)(2)(d). Counsel's affidavit declares: "It is my opinion that appellate counsel's nonfeasance prejudiced Mr. Leyh, as otherwise the Court of Appeals would have considered the merits of the appellate brief on a complete record, instead of an incomplete record." Indeed, the Ninth District's opinion makes indisputably clear that prior appellate counsel's failure to include Leyh's sentencing-hearing transcript and/or his PSI in the record inexorably prevented the court of appeals from considering the merits of whether the trial court erred in failing to merge Leyh's convictions for purposes of sentencing. Prior appellate counsel's failure compelled the Ninth District to apply the presumption of regularity and to overrule Leyh's assignment of error and affirm the trial court's judgment. 2019-Ohio-3640 at ¶ 7. *See also Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the court's proceedings, and affirm"). Nor could the court of appeals consider the stricken PSI that was improperly attached to Leyh's appellate brief.

{¶ 29} Leyh readily fulfilled App.R. 26(B)(2)(d)'s requirement that an applicant set forth the manner in which his original appellate counsel "prejudicially affected the outcome of the appeal." By precluding the court of appeals from considering the merits of Leyh's assignment of error and instead compelling the court to overrule it based on the presumption of regularity, counsel's deficient performance did not just prejudicially affect the outcome of Leyh's appeal: it

*predetermined* the outcome of the appeal by preventing the court of appeals from even considering the merits of the appeal, thus ensuring that the appeal would fail.

{¶ 30} By any measure, Leyh's substantiated assertion that appellate counsel's deficient representation prejudicially affected the outcome of his appeal presented a genuine issue as to whether Leyh was deprived of the effective assistance of appellate counsel, readily satisfying the basic elements that are necessary to sustain such a claim under the standard in *Strickland*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *See Simpson*, 164 Ohio St.3d 102, 2020-Ohio-6719, 172 N.E.3d 97, at ¶ 26 (O'Connor, C.J., concurring) (appellate counsel's failure to raise disproportionate sentencing issues demonstrated at least a genuine issue as to whether applicant had a colorable claim that he was prejudiced by his appellate counsel's deficient performance). And under App.R. 26(B)(5), the application "*shall* be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." (Emphasis added.)

{¶ 31} Here, however, the court of appeals faulted Leyh's App.R. 26(B) application, because his "limited argument * * * contained no citations to the parts of the record upon which he relied as is required by App.R. 16(A)( ) [sic.]." 9th Dist. Summit No. 29298, at 2 (Feb. 19, 2020). Of course, the parts of the record upon which Leyh's App.R. 26(B) application relied—the sentencing-hearing transcript and the PSI—were not part of the record, because (1) the sentencing-hearing transcript was never transcribed and (2) the PSI was stricken from the record. App.R. 26(B)(1)(e) requires that the application include "[a]ny parts of the record *available* to the applicant." (Emphasis added.) The sentencing-hearing transcript and Leyh's PSI plainly were not yet part of the record.

{¶ 32} The court of appeals further faulted Leyh's App.R. 26(B) attorney for failing to attest to her actual knowledge of the substance of the sentencing-hearing transcript or PSI in her App.R. 26(B)(2)(d) sworn statement: "Without knowing how the transcript of the sentencing hearing and [PSI] would have

12

supported Mr. Leyh's arguments in support of his assignment of error, if at all, it is impossible to say whether he was prejudiced by the fact that this Court did not consider his assignment of error on the merits." 9th Dist. Summit No. 29298, at 3 (Feb. 19, 2020). But that statement reveals a premature expectation on the part of the court of appeals because the preparation and transmission of those items for inclusion in the record on appeal does not occur until the second procedural stage, *after* a court of appeals grants an App.R. 26(B) application and the matter has been fully briefed. *See* App.R. 26(B)( ).

{¶ 33} Aside from erroneously requiring that the second-procedural-stage showing be made at the first procedural stage, at which mere permission to proceed is sought, the Ninth District's insistence on a full-blown presentation of the merits of the direct appeal and the claim for ineffective assistance of appellate counsel at that point ignores practical realities. Before an application to reopen has been granted, the applicant has no right to an App.R. 26(B) attorney. *See Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 21. And until an App.R. 26(B) application has been granted, an indigent applicant—particularly an incarcerated applicant—may not be able to afford any trial-court transcripts that had not been requested and prepared for his direct appeal.

{¶ 34} Perhaps most fundamentally, the court of appeals denied Leyh's App.R. 26(B) application based on its determination that Leyh failed to establish the prejudice prong of the *Strickland* analysis, i.e., that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the appeal would have been different," *id*., 466 U.S. at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674. But that determination erroneously conflates the two-stage procedure under App.R. 26(B), collapsing the second-stage's ultimate ineffective-assistance-of-appellate-counsel determination under App.R. 26(B)(9) into the first-stage's threshold determination whether there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal under App.R. 26(B)(5).

*See Simpson*, 164 Ohio St.3d 102, 2020-Ohio-6719, 172 N.E.3d 97, at ¶ 29 (Fischer, J., concurring) (acknowledging concern that the "review of applications for reopening under App.R. 26(B) has evolved from reviewing for genuine issues that could have been argued on appeal to reviewing the merits of those issues").

{¶ 35} As we have noted, the structure and text of App.R. 26(B) plainly contemplate stages of analysis. In this case, Leyh had to show only at the first stage of the procedure a genuine issue that he was deprived of the effective assistance of appellate counsel. He was not required to conclusively establish ineffective assistance of appellate counsel just to be allowed to argue in a reopened appeal that he was deprived of the effective assistance of appellate counsel. Contrary to the reasoning of the court of appeals, Leyh did not have to prove that he would win the reopened direct appeal and prevail on his claim of ineffective assistance of appellate counsel as a precondition to reopening the direct appeal for further legal proceedings to contest the trial court's alleged failure to merge allied offenses.

{¶ 36} The fact that the trial court's journal entry recited that the court performed without objection by any party an allied-offense analysis pursuant to *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, before deciding not to merge Leyh's offenses does not necessarily insulate that decision from appellate review.[3] Leyh's sentencing-hearing transcript—and perhaps his PSI—either will or will not bear out whether the trial court performed a proper merger analysis and was without objection from the parties. But those are issues for the court of appeals to consider in the first instance in a reopened appeal.

---

3. Indeed, there were several opinions in *Johnson*: the lead opinion, which was joined by three justices (including the authoring justice); one opinion concurring in judgment, which was joined by three justices (including the authoring justice); and a second concurring opinion, which was accepted by two justices (the authoring justice and one of the justices who also concurred in the lead opinion). Five years later, in *Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at ¶ 16, this court abrogated *Johnson* and determined that the allied-offense analysis from that decision was "incomplete."

**{¶ 37}** We note that the determination that a *genuine issue* of ineffective assistance of appellate counsel exists is not a determination of ineffective assistance of appellate counsel. *See State v. Fain*, 188 Ohio App.3d 531, 2010-Ohio-2455, 936 N.E.2d 93, ¶ 20 (1st Dist.) (Cunningham, P.J., concurring in part and dissenting in part) ("[A] court's determination that an App.R. 26(B) claim is colorable is not determinative of the court's ultimate disposition of a reopened appeal"), *abrogated on other grounds by State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509. Under App.R. 26(B), the determination whether appellate counsel was deficient and prejudiced the applicant is to be made after the appeal has been reopened and the parties are afforded the opportunity to have counsel, transmit the necessary record, and substantively brief the issues. *See* App.R. 26(B)(6) through (9). To prevail, the applicant will still have to establish that ineffective assistance of appellate counsel undermined at least one meritorious direct-appeal issue. And courts of appeals are in the best position to recognize whether a person has received deficient representation from appellate counsel and whether he has also been prejudiced by that deficient representation. *Morgan*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, at ¶ 6; *Murnahan*, 63 Ohio St.3d at 65, 584 N.E.2d 1204.

**{¶ 38}** We further emphasize that the mere failure to order a transcript does not necessarily create a genuine issue of ineffective assistance of appellate counsel when a transcript is not necessary to support a particular argument. Additionally, an App.R. 26(B) application based on a claim that that prior appellate counsel failed to effectively argue a particular assignment of error may require a more particularized showing that counsel's alleged deficient performance prejudicially affected the outcome of the appeal. But those are issues to be considered on a case-by-case basis as the circumstances may require.

**{¶ 39}** In this case, however, the court of appeals jumped the analytical gun by requiring under App.R. 26(B)(5) not just a genuine issue of ineffective

assistance of appellate counsel but proof positive of ineffective assistance of appellate counsel. Contrary to the appellate court's determination, Leyh's application to reopen his appeal showed a genuine issue of ineffective assistance of appellate counsel warranting a reopening of the appeal pursuant to App.R. 26(B)(5).

## Conclusion

{¶ 40} The Ninth District's judgment is reversed, and the cause is remanded to that court for further proceedings pursuant to App.R. 26(B)(6) through (9).

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and STEWART and BRUNNER, JJ., concur.

DEWINE, J., dissents, with an opinion joined by KENNEDY and FISCHER, JJ.

_____

**DEWINE, J., dissenting.**

{¶ 41} Ohio Rule of Appellate Procedure 26(B) plainly states that a defendant who seeks to reopen an appeal because of ineffective assistance of counsel must present a colorable claim that appellate counsel was deficient and that this deficiency "prejudicially affected the outcome of the appeal." Today, though, the majority disregards the rule, as well as decades of precedent. It says that all a defendant need show is that counsel was deficient; no colorable showing of prejudice is required.

{¶ 42} I'd follow the rule this court has adopted. And I'd stick to our precedent. Because the majority does neither, I dissent.

## I. Background

{¶ 43} Clarence Leyh was convicted after pleading guilty to four felony counts of gross sexual imposition, R.C. 2907.05, for having sexual contact with his 16-year-old daughter. Two of Leyh's gross-sexual-imposition counts were for purposely compelling the victim to submit to sexual contact by force or threat of

16

force, in violation of R.C. 2907.05(A)(1). The other two gross-sexual-imposition counts were for having sexual contact with the victim while she was substantially impaired, in violation of R.C. 2907.05(A)(5). According to the indictment, each of the offenses occurred sometime in December 2017.

{¶ 44} On appeal, Leyh argued that the felony counts of gross sexual imposition under R.C. 2907.05(A)(1) were allied offenses of a similar import to the counts under R.C. 2907.05(A)(5) and thus should have merged for the purposes of sentencing. *See* R.C. 2941.25. He claimed that he had inappropriately touched the victim on only two occasions and that the (A)(1) and (A)(5) charges simply represented different theories by the prosecutor to reach the same conduct.

{¶ 45} Leyh's challenge on appeal ran into two problems. First, the trial court stated in its journal entry that it had conducted a merger analysis. The journal entry provided: "The Court performed an analysis concerning allied offenses in regard to *State v. Johnson*[, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061,] and finds that the charges to the Indictment are not allied offenses of similar import, and do not merge for purposes of sentencing herein. Neither the state nor defense counsel objected to the Court's determination."

{¶ 46} Second, the record did not support Leyh's merger argument. Significantly, Leyh's counsel had failed to ensure that a transcript of the sentencing hearing was filed as part of the record on appeal. Thus, there was nothing in the record to suggest that the trial court erred in failing to merge the counts.

{¶ 47} The court of appeals concluded that because Leyh failed to include sufficient materials in the record to allow it to review his assignment of error, it could not reach the merits of his argument. As a result, the court of appeals presumed regularity in the trial-court proceedings and affirmed the trial court's judgment.

{¶ 48} Leyh subsequently acquired new counsel, who filed an application to reopen his direct appeal under App.R. 26(B). Leyh's sole argument was that his

prior counsel's failure to file a complete record prejudiced him because the court of appeals could not consider his assignment of error on the merits.

{¶ 49} The court of appeals denied Leyh's application. It noted that App.R. 26(B)(2)(d) required that an application for reopening contain a sworn statement of the basis for a claim that appellate counsel was deficient and "the manner in which the alleged 'deficiency prejudicially affected the *outcome* of the appeal.' " (Emphasis added in *Leyh*.) 9th Dist. Summit No. 29298, at 3 (Feb. 19, 2020), quoting App.R. 26(B)(2)(d). While the attorney who filed the application included a sworn statement, she averred only that, in her opinion, a competent attorney would have included the omitted materials and that she believed the failure to do so prejudiced Leyh. But she did "not attest to have actual knowledge of the substance of the hearing transcript or the report, and, therefore, [was] unable to make the argument that the outcome would have been different." *Id.* "Without knowing how the transcript of the sentencing hearing and presentence investigative report would have supported Mr. Leyh's arguments," the court found it "impossible to say" that Leyh had made a colorable claim that he was prejudiced by their absence. *Id.* at 3-4.

## II. Analysis

{¶ 50} The majority holds that the court of appeals improperly required Leyh to show prejudice from his appellate counsel's failure to ensure that the sentencing transcript and presentence-investigation report were made part of the record on appeal. The majority is wrong.

### A. *The showing required to reopen an appeal*

{¶ 51} Up until today, we have been clear about the requirements to reopen an appeal. Under App.R. 26(B) and our existing precedent, an applicant must make a colorable showing of two things to reopen his appeal: (1) that appellate counsel performed deficiently and (2) that but for counsel's deficient performance, the result of the appeal would have been different. In the first step, the applicant

submits an application to reopen his appeal. *State v. Simpson*, 164 Ohio St.3d 102, 2020-Ohio-6719, 172 N.E.3d 97, ¶ 12. Our inquiry in this first step asks whether the applicant has demonstrated "a colorable claim of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). If the claim is found to be colorable, the application moves to the second step—the appeal is reopened and proceeds in the ordinary course. *Simpson* at ¶ 13. We are concerned here with the first step, the threshold question of whether Leyh has established a colorable claim of ineffective assistance of appellate counsel.

{¶ 52} We recently reaffirmed that we apply the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to determine whether an application for reopening presents a colorable claim of ineffective assistance of counsel. *Simpson* at ¶ 14; *see also* App.R. 26(B)(2)(d). The first prong of this test is concerned with deficiency: counsel's performance must have been objectively unreasonable. *Simpson* at ¶ 14, citing *Strickland* at 687. The second prong looks for prejudice: the applicant must show a "reasonable probability that the result of the appeal would have been different but for counsel's error." *Simpson* at ¶ 14, citing *Strickland* at 688, 694. Establishing a genuine issue as to ineffective assistance of counsel requires a colorable showing as to both *Strickland* prongs. *See Simpson* at ¶ 12; App.R. 26(B)(2)(d).

{¶ 53} The two-pronged *Strickland* standard is reflected in the language of App.R. 26(B). An application to reopen must include a sworn statement of both (1) "the basis for the claim that appellate counsel's representation was deficient" and (2) "the manner in which the deficiency prejudicially affected the outcome of the appeal." App.R. 26(B)(2)(d).

{¶ 54} The prejudice requirement "arises from the very nature * * * of the right to * * * *effective* * * * representation." (Emphasis in original.) *United States v. Gonzalez-Lopez*, 548 U.S. 140, 147, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). Thus, "[c]ounsel cannot be 'ineffective' unless his mistakes have harmed the

defense (or, at least, unless it is reasonably likely that they have)" and a violation of the right to effective representation "is not 'complete' until the defendant is prejudiced." *Id.*

*B. Leyh has failed to make a colorable showing that counsel's deficient performance affected the outcome of his appeal*

**{¶ 55}** I agree with the majority that Leyh has met the first part of the test for reopening an appeal: he has made a colorable showing that his counsel was deficient for failing to supply record materials that would allow the court to evaluate the merger argument. The problem, though, is that Leyh has not satisfied the second part. He has not set forth anything to indicate that he was prejudiced by this failure.

**{¶ 56}** Under the second-prong of the test, Leyh must make a colorable showing that his prior counsel's deficient performance " 'prejudicially affected the outcome of the appeal.' " *Simpson*, 164 Ohio St.3d 102, 2020-Ohio-6719, 172 N.E.3d 97, at ¶ 12, quoting App.R. 26(B)(2)(d). To meet this prong, Leyh was required to demonstrate "a reasonable probability that the *result* of the appeal" would have been different absent his prior counsel's deficient performance. (Emphasis added.) *Id*. at ¶ 14, citing *Strickland*, 466 U.S. at 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674.

**{¶ 57}** And here, Leyh offers nothing. He does not contend that the outcome of his appeal would have been different had the omitted materials been included in the record. All Leyh submitted in his application was his counsel's affidavit. And the only statement in the affidavit that even comes close to dealing with prejudice is the following: "It is my opinion that appellate counsel's nonfeasance prejudiced Mr. Leyh, as otherwise the Court of Appeals would have considered the merits of the appellate brief on a complete record, instead of an incomplete record."

**{¶ 58}** This statement falls far short of the requirement that Leyh make a showing that counsel's deficient performance " 'prejudicially affected the *outcome* of the appeal.' " (Emphasis added.) *Simpson* at ¶ 12, quoting App.R. 26(B)(2)(d). At best, all Leyh argues is that there is a possibility that the omitted materials might have changed the result of his appeal. Thus, if we follow the rule and our precedent, Leyh's application to reopen should be denied.

*C. The Majority Reads the Prejudice Requirement Out of the Rule*

**{¶ 59}** The majority acknowledges App.R. 26(B)(2)(d)'s threshold requirement "that an applicant set forth the manner in which his original appellate counsel 'prejudicially affected the outcome of the appeal.' " Majority opinion, ¶ 29, quoting App.R. 26(B)(2)(d). It says that requirement is satisfied here because the failure to include a transcript precluded the court of appeals from considering the merits of the appeal. *Id.*

**{¶ 60}** But an inability to consider the merits of an argument does not necessarily equate with prejudice. As the rule itself makes clear, something is prejudicial only when it "affect[s] the *outcome* of the appeal." (Emphasis added.) App.R. 26(B)(2)(d). The affidavit submitted by Leyh's attorney makes no assertion that a transcript would contain anything that would affect the outcome of the appeal. Indeed, Leyh's application is entirely bereft of any substantiation that he lost his appeal because of his attorney's deficiency. Thus, under the plain terms of the rule, Leyh has failed to present grounds to reopen the appeal.

**{¶ 61}** The majority also makes much of the fact that App.R. 26 creates a two-stage process, with an applicant required at the first stage to present only a genuine issue of ineffective assistance of appellate counsel. It is true, of course, that an applicant need not definitively prove that he suffered ineffective assistance of counsel at the initial, reopening stage. But what he must do is present at least a colorable claim both that counsel was deficient *and* that the deficiency " 'prejudicially affected the outcome of the appeal.' " *Simpson*, 164 Ohio St.3d

102, 2020-Ohio-6719, 172 N.E.3d 97, at ¶ 12, quoting App.R. 26(B)(2)(d). So there has to be something in the record beyond mere speculation that counsel's deficiency caused prejudice. Here, the problem is not that the appellate court required Leyh to prove the merits of his ineffective-assistance claim to reopen the appeal. The problem is that Leyh did not submit any evidence of prejudice at all. Without any evidence of possible prejudice, Leyh cannot meet the colorable-claim requirement.

{¶ 62} The majority's approach ignores the requirement set forth in our rule and affirmed by our precedent that the application for reopening include a sworn statement explaining "the manner in which the deficiency prejudicially affected the outcome of the appeal." App.R. 26(B)(2)(d); *see Simpson* at ¶ 12. This requirement is consistent with the directive in App.R. 26(B)(5) that "[a]n application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the *effective assistance of counsel* on appeal." (Emphasis added.) As the 1993 Staff Notes to App.R. 26(B) explain, "[t]he term 'ineffective assistance of counsel' is intended to comprise the two elements set forth in *Strickland v. Washington*, 466 U.S. 668, [104 S.Ct. 2052, 80 L.Ed.2d 674,] that is, deficiency in the representation and prejudice resulting from such deficiency." The fatal flaw in the majority's holding—and the basis for the court of appeals' denial of Leyh's application—is that Leyh's application failed to set forth how the *outcome* of his appeal had been affected by his counsel's deficient performance. Absent such a showing, Leyh failed to establish even a colorable claim for reopening under the rule.

{¶ 63} The majority suggests that the need to make a colorable claim of prejudice puts Leyh in a catch-22 because the sentencing-hearing transcript is not a part of the record precisely because of his counsel's deficient performance. But an application for reopening is a postconviction remedy collateral to a direct appeal, which means an applicant may attach to his application material that is not a part

of the trial record. *See Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 9, 11-12, citing App.R. 26(B)(2)(e). Under App.R. 26(B)(2)(e), an applicant must provide with his application "[a]ny parts of the record available to the applicant *and all supplemental affidavits upon which the applicant relies*." (Emphasis added.) The rule clearly envisions a scenario in which a defendant seeking to reopen his appeal may need to supplement an incomplete record to show a genuine issue of ineffective assistance of appellate counsel.

**{¶ 64}** There is nothing that prevented Leyh from ordering the transcript of the sentencing hearing for use in connection with his application for reopening. And if the omitted portions of the trial record did in fact demonstrate that an allied-offense argument would have had merit, Leyh could have attached the relevant portions of the trial record to the affidavit he filed with his application for reopening.

**{¶ 65}** The majority also posits that there may be situations in which a defendant may not be able to obtain a transcript to substantiate a claim of ineffective assistance. But the affidavit submitted by Leyh's attorney does not indicate that that is the case here. And even if that had been the case, nothing precluded Leyh from submitting other materials in an attempt to meet his burden to show "the manner in which the deficiency prejudicially affected the outcome of the appeal." App.R. 26(B)(2)(d). For example, in her sworn statement, Leyh's attorney could have explained why, based on her review of the case file, the offenses should have merged. Or Leyh might have included an affidavit from his trial attorney providing insight into the factual underpinnings of each offense and an account of what had transpired during the sentencing hearing. Quite simply, Leyh failed to make any attempt to present a colorable claim of prejudice, and instead insisted that prejudice should be presumed. Because Leyh did not make the required showing as to the "manner in which the deficiency prejudicially affected the outcome of the appeal"

as required by App.R. 26(B)(2)(d), the court of appeals properly denied his application to reopen.

### III. Conclusion

**{¶ 66}** The court of appeals did not err in denying Leyh's application for reopening. App.R. 26(B) provides a straightforward procedure for advancing a claim that deficient representation affected the outcome of an appeal. Leyh submitted nothing to indicate that the outcome of his appeal would have been different had his prior counsel ensured that additional record materials were before the appellate court. He thus failed to make a colorable claim of ineffective assistance of counsel. In reaching a contrary conclusion, the majority departs from the plain text of App.R. 26(B) and decades of well-reasoned precedent. I would affirm the judgment of the court of appeals and reject Leyh's proposition of law. Because the majority does otherwise, I respectfully dissent.

KENNEDY and FISCHER, JJ., concur in the foregoing opinion.

––––––––––––––––

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Heaven DiMartino Guest, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Addison M. Spriggs, Assistant Public Defender, for appellant.

––––––––––––––––