[Cite as *State v. Foster*, 2026-Ohio-1860.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114642 |
| v. | : | |
| MARCUS FOSTER, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** May 20, 2026

---

Cuyahoga County Court of Common Pleas
Case No. CR-24-692914-A
Application for Reopening
Motion No. 593545

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael R. Wajda, Assistant Prosecuting Attorney, *for appellee.*

Marcus Foster, *pro se.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Marcus Foster ("Foster"), pro se, has filed a timely application for reopening his appeal pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio

St.3d 60 (1991), based on claims of ineffective assistance of appellate counsel.  Foster seeks to reopen the appeal in *State v. Foster*, 2025-Ohio-5626 (8th Dist.), in which this court affirmed the trial court's judgment, finding that his trial counsel was not ineffective and the court did not err by denying his motions to suppress evidence.  For the reasons that follow, we deny Foster's application to reopen the appeal.

## I. Standard of Review – Application to Reopen Appeal Based on Claim of Ineffective Assistance of Appellate Counsel

{¶ 2} Pursuant to App.R. 26(B)(5), this court shall grant an application to reopen an appeal if a genuine issue exists as to whether the applicant was deprived of the effective assistance of appellate counsel.  To establish a claim of ineffective assistance of appellate counsel, an applicant is required to show that the performance of his appellate counsel was deficient, and the deficiency resulted in prejudice.  *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989).  Put another way, "an applicant must show that (1) appellate counsel's performance was objectively unreasonable . . . and (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Leyh*, 2022-Ohio-292, ¶ 18 quoting *Strickland* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 3} The United States Supreme Court has held that "[j]udicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved

unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id*. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*.

{¶ 4} "App.R. 26(B) establishes a two-stage procedure to adjudicate claims of ineffective assistance of appellate counsel." *Leyh* at ¶ 19. At the first stage, an applicant must make a "threshold showing" to obtain permission to file new appellate briefs. *Id*. Pursuant to App.R. 26(B)(5), "[a]n application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." If the applicant is successful, the case moves to the second stage and is "treated as if it were an initial direct appeal, with briefs and oral argument." *State v. Simpson*, 2020-Ohio-6719, ¶ 13.

## II. Analysis

### A. First Proposed Assignment of Error

{¶ 5} In his first proposed assignment of error, Foster argues that his "appellate counsel was ineffective for failing to challenge the sufficiency and manifest weight of the evidence." Upon review, we find that Foster has not established colorable claims for ineffective assistance of appellate counsel regarding these issues.

{¶ 6} A challenge to the sufficiency of the evidence supporting a conviction requires a determination of whether the State has met its burden of production at trial. *State v. Hunter*, 2006-Ohio-20, ¶ 41, citing *State v. Thompkins*, 78 Ohio St.3d

380, 390 (1997). Whether the evidence is legally sufficient to support a verdict is a question of law. *Thompkins* at 386.

**{¶ 7}** "An appellate court's function when reviewing the sufficiency of evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince a reasonable juror of the defendant's guilt beyond a reasonable doubt." *State v. Balinski*, 2022-Ohio-3227, ¶ 43 (8th Dist.). *See also State v. Bankston*, 2009-Ohio-754, ¶ 4 (10th Dist.) ("[I]n a sufficiency of the evidence review, an appellate court does not engage in a determination of witness credibility; rather, it essentially assumes the State's witnesses testified truthfully and determines if that testimony satisfies each element of the crime.").

**{¶ 8}** A manifest-weight-of-the-evidence challenge attacks the credibility of the evidence presented and questions whether the State met its burden of persuasion. *State v. Whitsett*, 2014-Ohio-4933, ¶ 26 (8th Dist.). Weight of the evidence "addresses the evidence's effect of inducing belief," i.e., "whose evidence is more persuasive — the state's or the defendant's?" *State v. Wilson*, 2007-Ohio-2202, ¶ 25, citing *Thompkins* at 386-387. When considering an appellant's claim that a conviction is against the manifest weight of the evidence, the appellate court functions as a "thirteenth juror" and may disagree "with the factfinder's resolution of . . . conflicting testimony." *Thompkins* at 387, citing *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). Furthermore, in *State v. Jordan*, 2023-Ohio-3800, ¶ 17, the Ohio Supreme Court held that "[s]itting as the 'thirteenth juror,' the court of appeals

considers whether the evidence should be believed and may overturn a verdict if it disagrees with the trier of fact's conclusion."

{¶ 9} Under this proposed assignment of error, Foster first argues that his ankle monitor GPS did not place him at the scene of the crime. Evidence in the record shows that Foster's ankle monitor GPS placed him approximately one-half block away from the crime scene at the time of the shooting. Foster next argues that neither his, nor the victim's, DNA was found in the Chevy Traverse at issue in this case. DNA evidence is not required for a conviction, and one would not expect the victim's DNA to be found in the car involved in a drive-by shooting. Foster also argues that there was no evidence of a "violation alert" for his ankle monitor in this case. Foster is correct, but there is no allegation of an ankle monitor "violation alert" in this case. Foster was charged, tried, and convicted of murder and associated offenses. Whether his ankle monitor alerted is irrelevant to those charges.

{¶ 10} Upon review, we find that Foster failed to present a viable argument that his appellate counsel was deficient and that he was prejudiced when his appellate counsel failed to raise sufficiency and manifest weight of the evidence in his direct appeal. Evidence in the record shows that the victim was killed in a drive-by shooting, and a gray Chevy Traverse was seen by eyewitnesses, as well as recorded by video cameras, leaving the scene of the crime at the time of the shooting. Through video footage, the Traverse was found parked outside its owner's house. Approximately five hours after the shooting, Foster and a woman got into the

Traverse and drove away. Foster's ankle monitor GPS placed him near the scene of the crime at the time of the shooting.

{¶ 11} Courts have consistently held that "appellate counsel is not required to raise and argue assignments of error that are meritless." *State v. Stewart*, 2011-Ohio-1667, ¶ 4 (8th Dist.) citing *Jones v. Barnes*, 463 U.S. 745, 754 (1983). "Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal." *Id.*

{¶ 12} Accordingly, there is no colorable claim of ineffective assistance of appellate counsel under App.R. 26 for failing to challenge the sufficiency and manifest weight of the evidence.

### B. Second Proposed Assignment of Error

{¶ 13} In his second proposed assignment of error, Foster argues that his "appellate counsel was ineffective for framing the GPS issue as trial counsel IAC, causing this court to dismiss it procedurally without reaching the merits." Specifically, Foster argues that the "GPS issue had a second, independent viable theory [trial counsel] never pursued: a direct challenge to admissibility as plain error under Crim.R. 52(B), completely independent of trial counsel's conduct." According to Foster, the State failed to satisfy Evid.R. 803(6)'s requirement that "business records . . . be authenticated by a qualified custodian" and that "records be made at or near the time of the event . . . ."

{¶ 14} Evid.R. 803(6) states, in part, that a "data compilation . . . of acts, events, or conditions, made at or near the time . . . as shown by the testimony of the

custodian or other qualified witness" is admissible at trial. Additionally, Evid.R. 901(A) states, in part, that evidence is authenticated by "a finding that the matter in question is what its proponent claims."

{¶ 15} In this case, a representative from the Adult Parole Authority testified about Foster's GPS ankle monitor, which had been placed on him on June 16, 2023, and transmitted his "position" at all times he was wearing it. The representative ran "a report memorializing [Foster's] location data for June 19, 2023," which was the day of the shooting in this case. This report was introduced at Foster's trial and the representative authenticated it, stating that it was "the GPS points for Marcus Foster on the dates [sic] of June 19th from midnight to 10:00 a.m." The report tracked Foster's location "minute-by-minute" and placed him one half of a block away from the shooting at the time of the shooting.

{¶ 16} Thus, upon review, we cannot say that Foster's appellate counsel was ineffective for failing to challenge the admissibility of his ankle monitor GPS information because this assignment of error would have been meritless.

### C. Third Proposed Assignment of Error

{¶ 17} In his third proposed assignment of error, Foster argues that his "appellate counsel was ineffective for failing to argue that trial counsel's conduct constituted a complete denial of counsel under United States v. Cronic, which presumes prejudice."

{¶ 18} In this case, it is undisputed that Foster's appellate counsel raised two assignments of error in the direct appeal alleging that Foster's trial counsel was

ineffective. Foster's appellate counsel supported these arguments by citing the following law: the Sixth Amendment to the United States Constitution; *McMann v. Richardon,* 397 U.S. 759 (1970); *State v. Houston*, 2019-Ohio-4787 (8th Dist.); *Strickland,* 466 U.S. at 668; *Bradley*, 42 Ohio St.3d at 136; and *State v. Lytle*, 48 Ohio St.2d 391 (1976).

{¶ 19} However, in this application for reopening his appeal, Foster argues that his appellate counsel should also have cited *United States v. Cronic*, 466 U.S. 648 (1984), which analyzes the following situation: "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable. No specific showing of prejudice was required . . . ." *Id.* at 659.

{¶ 20} This court was aware, of course, of *Cronic* prior to Foster's direct appeal, and if *Cronic* applied to his case, we would have cited it. But it did not and we did not. Counsel's failure to cite a particular case within an assignment of error will not serve as a basis to reopen Foster's appeal.

{¶ 21} Accordingly, Foster's application for reopening is denied.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

LISA B. FORBES, J., and
EILEEN T. GALLAGHER, J., CONCUR