[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 374.]

THE STATE OF OHIO, APPELLEE, *v*. LECHNER, APPELLANT.

[Cite as *State v. Lechner*, 1995-Ohio-25.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel—Application denied when applicant fails to include affidavit required by App.R. 26(B)(2)(d).*

No. 95-21—Submitted April 4, 1995—Decided June 28, 1995.)

APPEAL from the Court of Appeals for Highland County, No. 724.

———————————

{¶ 1} According to the court of appeals' opinion, appellant, James P. Lechner, was convicted of rape in 1989. His conviction was affirmed on appeal, *State v. Lechner* (Dec. 21, 1990), Highland App. No. 724, unreported, and this court denied his motion for leave to appeal. In 1992, he filed a petition for postconviction relief in the trial court. That court granted summary judgment for the state; the court of appeals affirmed, *State v. Lechner* (Mar. 26, 1993), Highland App. No. 825, unreported; and we denied his motion to certify the record. Subsequently, he filed an application to reopen his first appeal under App. R. 26 (B), essentially raising seven issues of ineffective assistance of appellate counsel. The court of appeals did not consider the issues on the merits, however, and denied the application because appellant had failed to comply with App. R. 26 (B) (2) (d). Appellant now appeals to this court.

———————————

*Rocky A. Coss*, Highland County Prosecuting Attorney, for appellee.

*James P. Lechner*, *pro se*.

———————————

*Per Curiam.*

{¶ 2} We affirm the judgment of the court of appeals.

{¶ 3} App. 26 (B) (2) states:

"An application for reopening shall contain all of the following:

"* * *

"(c) one or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;

"(d) a sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B) (2) (c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record."

{¶ 4} The court of appeals found that the sworn statement required by App. R. 26 (B) (2) (d) is mandatory. We agree. Moreover, we note that the reason appellant did not include the affidavit required by App. R.26(B)(2)(d) may be that most of the issues raised in his application to reopen were in fact previously raised in either his direct appeal or in the appeal of the denial of his petition for postconviction relief, thereby precluding compliance with App. R. 26 (B) (2) (c) and (d). *In State v. Reddick* (1995), 72 Ohio St. 3d 88, 90-91, 647 N.E. 2d 784, 786, we stated that "App. R. 26 (B) was [not] intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals." App. R. 26 (B) (2) (c) and (d) should make it obvious that the rule is also not an invitation to raise old issues previously adjudicated. Accordingly, we find appellant's appeal to be without merit.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____