[Cite as *State v. Sullivan*, 2014-Ohio-673.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 11AP-414 |
| | | (C.P.C. No. 10CR-04-2266) |
| Anthony L. Sullivan, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

---

## D E C I S I O N

### Rendered on February 25, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Anthony L. Sullivan, pro se.*

---

## ON APPLICATION FOR REOPENING

CONNOR, J.

{¶ 1} On March 5, 2013, defendant-appellant, Anthony L. Sullivan ("defendant"), filed a pro se application pursuant to App.R. 26(B) seeking to reopen his appeal resolved in this court's decision in *State v. Sullivan*, 10th Dist. No. 11AP-414, 2012-Ohio-2737, claiming ineffective assistance of appellate counsel.[1]  The State of Ohio filed a memorandum in opposition to defendant's application.  Because defendant's application was filed untimely without good cause, and because he failed to demonstrate a genuine

---

[1] Defendant filed a subsequent application for reopening on March 27, 2013, asserting many of the same arguments and adding some additional information.  The application is not labeled as an "amended" or "supplemental" application.  The State of Ohio opposed this application as successive.  We agree.  We shall consider only the first filed application. *See State v. Richardson*, 74 Ohio St.3d 235 (1996) (neither App.R. 26 nor *State v. Murnahan*, 63 Ohio St.3d 60 (1992), provide for second or subsequent applications for reopening).

issue that he was deprived of effective assistance of counsel, we deny his application to reopen.

{¶ 2} Defendant was indicted on charges of kidnapping, felonious assault, inducing panic, and tampering with evidence, as well as two counts of having a weapon while under disability ("WUD"). The charges stemmed from an incident that occurred between March 27 and 28, 2010, involving Shevon McKnight ("McKnight") and her fiancée, both of whom knew defendant. Defendant was accused of kidnapping McKnight at gunpoint, driving her around, holding her and others hostage inside his apartment, and pistol-whipping her because he believed she had stolen money from him. Defendant was tried by a jury on all offenses except the WUD offenses, which he elected to have tried by the judge. The jury was unable to reach a verdict on its charges and a mistrial was declared. However, the trial court found defendant guilty of one of the WUD offenses.

{¶ 3} In his appeal, defendant, through counsel, argued that his conviction for the WUD was not supported by sufficient evidence and was against the manifest weight of the evidence. Defendant also argued his conviction was based upon a count in the indictment that did not exist. Defendant further argued his jury waiver on the WUD was not knowingly and intelligently made and his conviction was unconstitutional because the jury did not convict him of the underlying offenses of kidnapping, felonious assault, inducing panic, and tampering with evidence. Finally, defendant argued the trial court erred in giving him maximum consecutive sentences by running this sentence consecutive to a prior conviction without providing a basis for the sentence.

{¶ 4} App.R. 26(B) allows applications to reopen an appeal from a judgment of conviction and sentence based upon a claim of ineffective assistance of appellate counsel. App.R. 26(B)(1) provides that an application for reopening shall be filed within 90 days from the journalization of the appellate judgment. Additionally, App.R. 26(B)(2)(b) requires a showing of good cause for an untimely filing where the application is filed more than ninety days after the journalization of the appellate judgment.

{¶ 5} An application for reopening must set forth "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation[.]" App.R. 26(B)(2)(c). The

application "shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

{¶ 6}  To prevail on an application to reopen, defendant must make "a colorable claim"of ineffective assistance of appellate counsel under the standard established in *Strickland v. Washington* 466 U.S. 668 (1984).  *See State v. Lee*, 10th Dist. No. 06AP-226, 2007-Ohio-1594, ¶2, citing *State v. Sanders*, 75 Ohio St.3d 607 (1996).  Under *Strickland*, defendant must demonstrate the following:  (1) counsel was deficient in failing to raise the issues defendant now presents; and (2) defendant had a reasonable probability of success if the issue had been presented on appeal.  *Lee* at ¶ 2, citing *State v. Timmons*, 10th Dist. No. 04AP-840, 2005-Ohio-3991.

{¶ 7}  An appellate attorney has wide latitude and the discretion to decide which issues and arguments will prove most useful on appeal.  Furthermore, appellate counsel is not required to argue assignments of error that are meritless.  *Lee* at ¶ 3, citing *State v. Lowe*, 8th Dist. No. 82997, 2005-Ohio-5986, ¶ 17.  *See also State v. Campbell*, 69 Ohio St.3d 38, 53 (1994) ("Counsel need not raise all nonfrivolous issues on appeal. ").

{¶ 8}  In his application, defendant alleges appellate counsel was ineffective because she failed to raise the following four proposed assignments of error in his direct appeal: (1) the State's failure to disclose exculpatory evidence violated *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Bagley*, 473 U.S. 667 (1985), and Crim.R. 16(B)(1); (2) appellant's waiver of jury trial on the WUD count was not made knowingly and intelligently, due to the State withholding certain police investigative summary reports containing statements from witnesses indicating they did not see appellant with a gun or using a gun to hit someone; (3) the trial court erred in failing to suppress evidence collected during the execution of a search warrant where the search warrant affidavit contains some inaccurate information; and (4) due process and sufficiency of the evidence.

{¶ 9}  Defendant's application for reopening was filed nearly nine months after the journalization of our appellate judgment.  App.R. 26(B)(2)(b) requires a showing of good cause where an application for reopening is filed more than 90 days after the journalization of the appellate judgment.   Defendant has clearly failed to file his application within 90 days of the journalization of the appellate judgment.  Therefore, we

must determine whether defendant has established good cause for his failure to file a timely application.

{¶ 10} Appellant has included an affidavit in which he avers his application was filed untimely because appellate counsel withheld his trial transcripts for nearly one year until he threatened to file a grievance against her, at which time she began mailing the transcripts.  Appellant further avers he was prejudiced by appellate counsel's failure to turn over the transcripts in a timely manner.

{¶ 11} However, appellant has not indicated when he first requested the transcripts from counsel (i.e., did he request them before or after the 90-day deadline had passed) or when he actually received the transcripts.  " 'Good cause can excuse the lack of a filing only while it exists, not for an indefinite period. ' " *State v. Davis*, 86 Ohio St.3d 212, 214 (1999), quoting *State v. Fox*, 83 Ohio St.3d 514, 516 (1998).  Defendant's delay in obtaining the trial transcripts could have easily been the result of his own delay in requesting a copy of said transcripts.  Furthermore, appellant has not explained how he was prejudiced by not having the transcripts, particularly when his citations to the transcript in this application are minimal and he acted pro se (with some assistance from standby counsel) at the trial court level.

{¶ 12} We believe defendant has failed to demonstrate good cause as to why he was unable to pursue a timely filing of his application to reopen.  However, even if we consider the merits briefly, in the interests of thoroughness, defendant's application still fails.

{¶ 13} In order to demonstrate ineffectiveness, as stated above, defendant must prove his counsel was deficient in failing to raise the issues proposed and that he would have had a reasonable probability of success if the issues had been raised.  Because defendant cannot prove either of these requirements, his application fails on the merits.

{¶ 14} Defendant first asserts counsel was ineffective for failing to argue that the State had failed to disclose exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  Defendant appears to be referring to certain police investigative summary reports.  However, even assuming that such evidence was exculpatory and required to be produced pursuant to *Brady*, it is apparent from the record that the evidence was disclosed during trial and in time for its effective use at trial.  Therefore, it did not violate defendant's due process rights or the philosophical underpinnings of *Brady*.  *See State v.*

*Payne*, 10th Dist. No. 09AP-107, 2010-Ohio-1018, ¶ 31.    Appellate counsel was not ineffective for failing to raise this issue.

{¶ 15} In his second proposed assignment of error, defendant again argues that his jury waiver on the WUD offenses was not knowing or voluntary, but now he claims it is due to the alleged *Brady* violation.  Defendant submits counsel was ineffective for failing to raise this claim.  However, defendant does not explain how his decision to waive jury and try the WUD offenses to the court would have been affected by the information contained in the investigative police summary report.  Typically, criminal defendants waive jury on WUD offenses in order to prevent the jury from learning of the defendant's criminal history.  Without further explanation from defendant, we cannot say appellate counsel acted improperly in failing to raise this particular argument.

{¶ 16} Third, defendant contends his appellate counsel was ineffective for failing to assert an assignment of error challenging the trial court's failure to suppress evidence collected in the execution of a search warrant because some of the information in the search warrant affidavit was later discovered to be false or inaccurate.  Consequently, defendant argues the judge signing the warrant was misled, and the warrant was invalid.  Specifically, defendant challenges the following statements in the affidavit:   (1) the statement indicating that a male victim had been beaten with a handgun; and (2) the statement indicating defendant had threatened to kill the hostages, SWAT officers, and everyone inside during the hostage negotiation talks.

{¶ 17} A review of the record of the suppression hearing reveals that while there was not a male victim who had been beaten with a handgun, there was in fact a female victim who had been struck with a handgun.  Although the recording of the hostage negotiation talks may or may not have included a statement from defendant that he had threatened to kill the hostages and others, the trial court determined there was at least one conversation in a dispatch report that would support this statement.  Furthermore, the detective who obtained the warrant testified she based her statements upon information that was provided to her by officers at the scene who were dealing with the hostage situation.

{¶ 18} Therefore, we find the trial court properly determined that even if there was a technical deficiency in the warrant, that particular deficiency did not have an impact on

the warrant; the detective was not reckless; the warrant was executed in good faith; and the warrant was still valid. *See State v. Allen*, 10th Dist. No. 08AP-264, 2008-Ohio-6916, ¶ 29 (finding that certain misinformation in the affidavit did not invalidate the search warrant under *Delaware v. Franks*, 438 U.S. 154 (1978) because false statements due to negligence and innocent mistakes do not invalidate a search warrant; the false statement was not included knowingly, intentionally, or with reckless disregard, and after setting aside the false material, the affidavit still established probable cause). Consequently, appellate counsel was not ineffective in failing to raise this assignment of error.

{¶ 19} Finally, in his fourth proposed assignment of error, which is labeled as "Due Process, Sufficiency Of The Evidence," defendant cites to portions of the transcript regarding testimony from McKnight and the lead detective in the case and argues that because there are inconsistencies between the testimony of the two witnesses, the prosecutor knowingly presented false testimony. Defendant further asserts McKnight perjured herself. However, we are unable to decipher the argument that defendant is making here and we find it cannot serve as a legitimate argument for appeal. Therefore, we find counsel was not ineffective in failing to raise this issue.

{¶ 20} Overall, we find defendant has failed to demonstrate a genuine issue that he was deprived of the effective assistance of counsel. Accordingly, we deny defendant's application for reopening on the merits.

{¶ 21} In conclusion, we find defendant's application was filed untimely without good cause. We further find appellate counsel was not deficient in failing to raise the issues defendant has presented in this application and defendant has not demonstrated a reasonable probability of success even if the issues had been presented in his direct appeal. Therefore, we deny his application for reopening.

*Application for reopening denied.*

SADLER, P.J., and LUPER SCHUSTER, J., concur.

————————————