[Cite as *State v. Long*, 2022-Ohio-1601.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,                  :

                                      No. 20AP-90

v.                                                :          (C.P.C. No. 15CR-3564)

Michael A. Long,                                 :          (REGULAR CALENDAR)

      Defendant-Appellant.                 :

---

D E C I S I O N

Rendered on May 12, 2022

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Paula M. Sawyers*, for appellee.

**On brief:** *Timothy Young*, Ohio Public Defender, and *Addison M. Spriggs*, for appellant.

---

ON APPLICATION FOR REOPENING

DORRIAN, J.

{¶ 1} Defendant-appellant, Michael A. Long, has filed a timely application, pursuant to App.R. 26(B), to reopen his appeal. Plaintiff-appellee, State of Ohio, filed a memorandum opposing appellant's application to reopen. For the following reasons, we grant his application.

{¶ 2} On July 22, 2015, a Franklin County Grand Jury indicted appellant on the following charges alleged to have occurred on or about July 17, 2015: aggravated burglary in violation of R.C. 2911.11, a felony of the first degree; kidnapping as to Timmy Bowles in violation of R.C. 2905.01, a felony of the first degree; aggravated robbery as to Jill Mathias-Bowles, Shawn Bowles, Tim Bowles, and Timmy Bowles in violation of R.C. 2911.01, a felony of the first degree; felonious assault as to Jill in violation of R.C. 2903.11, a felony of the second degree; felonious assault as to Shawn in violation of R.C. 2903.11, a felony of the second degree; murder as to Clement Cooper in violation of R.C. 2903.02, an unclassified

felony. Accompanying all the above charges were three-year firearm specifications pursuant to R.C. 2941.145(A). The indictment also charged appellant with attempted grand theft when the property is a firearm or dangerous ordinance in violation of R.C. 2923.02/ 2913.02, a felony of the fourth degree, accompanied by a one-year firearm specification pursuant to R.C. 2941.141(A), as well as having a weapon under disability in violation of R.C. 2923.13, a felony of the third degree.

{¶ 3} Appellant proceeded to trial on August 1, 2016 and was found guilty of all charges pursuant to jury verdict and sentenced to 25 years to life. Appellant appealed the judgment entry filed September 12, 2016. This court rendered a decision reversing and remanding the matter for a new trial based on the trial court's violation of appellant's Sixth Amendment right to a public trial. *State v. Long*, 10th Dist. No. 16AP-708, 2017-Ohio-9322, ¶ 34.

{¶ 4} On remand, appellant voluntarily waived and relinquished his right to a trial by jury, electing the matter be heard by the trial judge. Trial commenced October 29, 2019 and concluded January 16, 2020. The trial court rendered judgment on the record on the last day of trial finding appellant guilty of the offenses alleged in the indictment, with the exception of the firearm specification accompanying the murder charge. On February 7, 2020, appellant was sentenced to an aggregate prison sentence of 64 years to life.

{¶ 5} Appellant filed a direct appeal of the judgment, raising four assignments of error: (1) the trial court's error in admitting victim-impact testimony during the course of the trial was not harmless, requiring reversal of appellant's convictions, (2) the evidence for felony murder was legally insufficient because a reasonably unforeseeable intervening act caused Cooper's death, absolving appellant of criminal liability for it, (3) because the evidence weighed manifestly against convicting appellant, reversal of his felony murder conviction and the felonious assault against Shawn is required, and (4) appellant's aggravated burglary, kidnapping, aggravated robbery, and attempted theft counts are subject to merger.

{¶ 6} On August 4, 2021, this court affirmed the trial court's judgment. *See State v. Long*, 10th Dist. No. 20AP-86, 2021-Ohio-2656, ¶ 68. We first found the trial court did not abuse its discretion in admitting relevant testimony and any error in admitting non-relevant testimony did not impact the fairness of the bench trial or the trial court's findings of guilt. We further found unpersuasive appellant's sufficiency challenge that an unforeseeable intervening event absolves appellant of criminal liability and further, on the

facts of the case, appellant's convictions were supported by the manifest weight of the evidence. Lastly, we found appellant's convictions of aggravated burglary, kidnapping, and aggravated robbery were not subject to merger.

{¶ 7} On October 29, 2021, appellant timely filed the instant application for reopening. In his application, appellant asserts he received ineffective assistance of appellate counsel for failing to raise an argument regarding vindictive sentencing.

{¶ 8} App.R. 26(B) provides that a defendant in a criminal case may apply for reopening an appeal based on a claim of ineffective assistance of appellate counsel. The rule contains several requirements for the proper filing of an application for reopening. App.R. 26(B)(1) provides that an application for reopening shall be filed within 90 days from the journalization of the appellate judgment. In the event of an untimely filing, the application must contain a "showing of good cause" for such delay. App.R. 26(B)(2)(b). An application for reopening must contain "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation." App.R. 26(B)(2)(c). Additionally, the application must contain "[a] sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record." App.R. 26(B)(2)(d). *See State v. Lechner*, 72 Ohio St.3d 374, 375 (1995) (finding that the "affidavit required by App.R. 26(B)(2)(d)" was "mandatory"); *State v. Dingess*, 10th Dist. No. 10AP-848, 2013-Ohio-801, ¶ 12; *State v. Thompson*, 10th Dist. No. 97APA04-489 (Mar. 24, 1998).

{¶ 9} Pursuant to App.R. 26(B), an application "shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In order to demonstrate a genuine issue as to whether the applicant was deprived of effective assistance of appellate counsel pursuant to App.R. 26(B)(5), the applicant must make a " 'colorable claim' of ineffective assistance of appellate counsel under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984)." *State v. Sullivan*, 10th Dist. No. 11AP-414, 2014-Ohio-673, ¶ 6.

{¶ 10} Under the *Strickland* test, as applied to an application for reopening, the applicant must demonstrate: (1) appellate counsel was deficient in failing to raise the issues

presented by the applicant (question of deficiency), and (2) the applicant had a reasonable probability of success if appellate counsel had presented those issues on appeal (question of prejudice). *Strickland.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In considering a claim of ineffective representation, we are mindful that appellate counsel has "wide latitude and the discretion to decide which issues and arguments will prove most useful on appeal" and is not required to argue assignments of error that are meritless. *Sullivan* at ¶ 7.

{¶ 11} Since the filing of this application and memorandum contra, the Supreme Court of Ohio released *State v. Leyh*, ____ Ohio St.3d ____, 2022-Ohio-292. In *Leyh*, the Supreme Court held it was error for an intermediate court of appeals to deny an application to reopen "by requiring [the applicant] to provide a demonstrable showing of ineffective assistance of appellate counsel and a likelihood of success on the merits of his direct appeal." *Id.* at ¶ 13. The Supreme Court further held:

> [T]he two-stage procedure prescribed by App.R. 26(B) requires that the applicant seeking permission to reopen his direct appeal show at the first stage that there is at least a genuine issue—*that is, legitimate grounds*—to support the claim that the applicant was deprived of the effective assistance of counsel on appeal. *See* App.R. 26(B)(5). If that showing is made and the application is granted, the applicant must then establish at the second stage the merits of both the direct appeal and the claim for ineffective assistance of appellate counsel. *See* App.R. 26(B)(9).

(Emphasis added.) *Id.* at ¶ 25.

{¶ 12} Upon the request of this court, appellant and the state provided supplemental briefing on *Leyh* and its application herein. As we summarize the parties arguments below, we begin by noting that, on the question of deficiency, neither party in *Leyh* contested that the deficient performance by Leyh's appellate counsel was the failure to file a complete record for review. On the question of prejudice, however, the court held that the intermediate appellate court erred "by requiring that Leyh establish at the first procedural stage a showing of virtual, if not certain, success of his App.R. 26(B) claims." *Id.* at ¶ 27.

{¶ 13} The state argues the court qualified its holding in *Leyh* in two regards:

> First, the Court noted that "a mere failure to order a transcript does not necessarily create a genuine issue of ineffective assistance of appellate counsel when a transcript is not

necessary to support a particular argument." *Id.* at ¶ 38.[1]
Second, "an App.R. 26(B) application based on a claim that
that [sic] prior appellate counsel *failed to effectively argue a*
*particular assignment of error may require a more*
*particularized showing that counsel's alleged deficient*
*performance prejudicially affected the outcome of the*
*appeal.* But those are issues to be considered on a case-by-
case basis as the circumstances may require." *Id.* at ¶ 38.

(Emphasis added.) (State's Supp. Brief at 4-5, quoting *Leyh*.)

{¶ 14} The state notes that, in the case before us, appellant's application is based on a claim that prior appellate counsel failed to effectively argue a particular assignment of error and suggests, therefore, that *Leyh* requires a more particularized showing that appellant's prior appellate counsel's alleged deficient performance prejudicially affected the outcome of the appeal. The state argues for the reasons outlined in its November 10, 2021 memo contra that appellant's application fails to show a genuine issue of appellate counsel's ineffectiveness.

{¶ 15} Appellant argues that *Leyh* is directly applicable to this case and that *Leyh* did not limit the holding of the decision to a particular type of App.R. 26(B) application. Rather than analyze *Leyh*, as the state does, based on the nature of ineffective assistance of counsel claims made, appellant instead analyzes *Leyh* based on its reference to the two stages of the process outlined at App.R. 26(B).

{¶ 16} Appellant argues *Leyh* clarifies that a showing of "virtual, if not certain, success" on the claims raised in an App.R. 26(B) application is not appropriate at the first stage of the process. Appellant further argues *Leyh* explicitly held that at the first stage an applicant need only present " 'legitimate grounds' " to support their claim of ineffective assistance of counsel and "*only after* the direct appeal is reopened, the second stage requires the defendant to address both the merits of the direct appeal claim and the ineffective assistance of appellate counsel." (Emphasis sic.) (Appellant's Supp. Brief at 4, quoting and citing *Leyh* at ¶ 25.)

---

[1] In this same vein, the state further argues "[u]nder *Leyh*, appellate counsel's failure to transmit key parts of the record will constitute a 'genuine issue' of appellate-counsel ineffectiveness, even without a particularized showing that the missing parts of the record would have supported reversal. In this respect, *Leyh* is an outlier that will have minimal—if any—effect on most applications for reopening, because in the vast majority of cases the appellate court will have access to the full appellate record and can determine the merits of any arguments raised in an App.R. 26(B) application." (State's Supp. Brief at 5.)

{¶ 17} We agree with the state that *Leyh* does direct that circumstances may require, on a case-by-case basis, when an applicant's prior appellate counsel failed to effectively argue a particular assignment of error, a more particularized showing that the alleged deficient performance prejudicially affected the outcome of the appeal. We also agree, however, with appellant that *Leyh*'s ultimate holding directs intermediate appellate courts to not require "at the first procedural stage a showing of virtual, if not certain, success of his App.R. 26(B) claims." *Leyh* at ¶ 27. *Leyh* further directs that at the first procedural stage an applicant is only required to show "that there is at least a genuine issue—that is, legitimate grounds—to support the claim that the applicant was deprived of the effective assistance of counsel on appeal." *Id.* at ¶ 25.

{¶ 18} Here, as we explain below, appellant: (1) made a more particularized showing that prior appellate counsel's alleged deficient performance prejudicially affected the outcome of the appeal, and (2) showed there is at least a genuine issue—that is, legitimate grounds—to support the claim that he was deprived of the effective assistance of counsel on appeal at this first stage.

{¶ 19} Appellant argues that his appellate counsel was ineffective for failing to raise an argument that the second sentencing court engaged in vindictive sentencing. Appended to appellant's application was the affidavit of appellant's counsel for the instant matter, Addison Spriggs, who affied in her professional opinion, competent counsel would have included a vindictive sentencing assignment of error and that appellate counsel's failure to do so prejudiced appellant as otherwise the court of appeals would have considered the merits of such assignment of error.

{¶ 20} As to deficiency, appellant states that his second sentence was 2.56 times longer than his first sentence despite appellant having been convicted of fewer[2] felonies and firearm specifications, from 25 years to life to 64 years to life. Appellant argues that even though the second sentencing court was different from the first in this case, the second sentence is "alarmingly higher," and therefore this court should presume that the sentence is vindictive. (Appellant's App. at 10.) In the alternative, appellant argues, if the presumption does not apply, Ohio law requires that the reasons for the more severe

---

[2] Although appellant argues that he was not convicted of Count 7 of the indictment, the amended verdict filed February 3, 2020 reveals that the second sentencing court found appellant guilty of all 8 counts of the indictment, except for the firearm specification as to Count 6. (Feb. 3, 2020 Am. Verdict at 3.) Therefore, appellant's convictions did not change from the first to the second trials, but for one firearm specification.

sentence by the second sentencing court must affirmatively appear in the record and that such reasons "must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentence proceeding." (Appellant's App. at 6, quoting *Beatty v. Alston*, 43 Ohio St.2d 126, 129-30 (1975).) Appellant argues the second sentencing court provided "*no reasoning*, let alone an affirmative or nonvindictive reason, to justify the 2.56-times-longer sentence." (Emphasis sic.) (Appellant's App. at 9.)

{¶ 21} As to prejudice, appellant argues that his appellate counsel's deficient performance substantially prejudiced his appeal.

{¶ 22} Appellant also asserts there is a reasonable probability that this court would have vacated his sentence and either reduced his sentence or remanded for resentencing in line with his original sentence had appellate counsel raised a vindictive sentence argument on direct appeal. Appellant observes that the "increase transformed [appellant's] sentence from one where he *may* receive parole at some point in the future, to one that is functional life in prison without the possibility of parole. It ensures [appellant] will die in prison because he will otherwise see the parole board for the *first* time in *2079, as a 97-year-old man*, if he is still alive at that point." (Emphasis sic.) (Appellant's App. at 9-10.) We consider this to be a more particularized showing that prior appellate counsel's alleged deficiency prejudicially affected the outcome of the appeal.

{¶ 23} The state argues that the record does not reveal the second sentencing court sentenced vindictively. The state points out that the Supreme Court has found "our cases [subsequent to *North Carolina v. Pearce*, 395 U.S. 711 (1969)] have made clear that [the] presumption of vindictiveness 'do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial.' " (Memo in Opp. at 10, quoting *Alabama v. Smith*, 490 U.S. 794, 799 (1989). The state points to our precedent that " 'where a different judge imposes a harsher sentence after an independent assessment, there is no true "increase" in the sentence, and the vindictiveness presumption does not apply.' " (State's Memo in Opp. at 11, quoting *State v. Smith*, 168 Ohio App.3d 141, 2006-Ohio-3720, ¶ 85 (1st Dist.).) The state also argues that absent a presumption of vindictiveness, appellant bears the burden of establishing vindictiveness from the entire record.

{¶ 24} In support of its argument, the state points generally, without specific references, to the sentencing transcript and states that the second sentencing court explained why the sentence was being issued on the record, "pointing to the crimes he

committed and the multiple victims, as well as the need to protect the public."  (State's Memo in Opp. at 12.)  The state further states that the second sentencing court treated appellant professionally and civilly throughout the trial.  Finally, the state points out that appellant raised failure to merge offenses at sentencing as an error on direct appeal and failure to merge was a stronger argument on appeal than vindictive sentencing.

{¶ 25}  Given the significant disparity between the first and second sentence, the fact that appellate counsel could have raised both issues of merger and vindictiveness on direct appeal, and appellant's counsel's affidavit, we find appellant has shown both a more particularized showing that the alleged deficient performance prejudicially affected the outcome of the appeal and that there is "at least a genuine issue—that is, legitimate grounds—to support the claim that the applicant was deprived of the effective assistance of counsel." *Leyh* at ¶ 25.

{¶ 26}  Therefore, we grant appellant's application for reopening pursuant to App.R. 26(B)(5) and reopen this appeal.  Now, appellant must establish the merits of both the direct appeal and the claim for ineffective assistance of counsel.  In *Leyh*, the Supreme Court held:

> We note that the determination that a *genuine issue* of ineffective assistance of appellate counsel exists is not a determination of ineffective assistance of appellate counsel. *See State v. Fain*, 188 Ohio App.3d 531, 2010-Ohio-2455, 936 N.E.2d 93, ¶ 20 (1st Dist.) (Cunningham, P.J., concurring in part and dissenting in part) ("[A] court's determination that an App.R. 26(B) claim is colorable is not determinative of the court's ultimate disposition of a reopened appeal"), *abrogated on other grounds by State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509. Under App.R. 26(B), the determination whether appellate counsel was deficient and prejudiced the applicant is to be made after the appeal has been reopened and the parties are afforded the opportunity to have counsel, transmit the necessary record, and substantively brief the issues. *See* App.R. 26(B)(6) through (9). To prevail, the applicant will still have to establish that ineffective assistance of appellate counsel undermined at least one meritorious direct-appeal issue. And courts of appeals are in the best position to recognize whether a person has received deficient representation from appellate counsel and whether he has also been prejudiced by that deficient representation. *Morgan* [*v. Eads*], 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, at ¶ 6; [*State v.*] *Murnahan*, 63 Ohio St.3d [60, 65], 584 N.E.2d 1204.

*Id*. at ¶ 37.

{¶ **27**} Furthermore, "App.R. 26(B)(7) states that the case shall thereafter proceed as an initial appeal in accordance with Ohio's Rules of Appellate Procedure 'except that the court may limit its review to those assignments of error and arguments not previously considered.' 'The time limits for preparation and transmission of the record pursuant to App.R. 9 and 10 shall run from journalization of the entry granting the application.' *Id*. Further, '[t]he parties shall address in their briefs the claim that representation by prior appellate counsel was deficient and that the applicant was prejudiced by that deficiency.' " *Id*. at ¶ 23. We note the clerk of courts has previously filed the record in this case and, on June 17 and July 22, 2020, notified the parties that the record had been filed pursuant to App.R. 11(B). Therefore, consistent with App.R. 18(A), appellant shall serve and file his brief within 20 days after journalization of this judgment, the state shall serve and file the state's brief within 20 days after service of the brief of appellant, and appellant may serve and file a reply brief within 10 days after service of the brief of appellee. We limit our review to the assignment of error raised in the application before us. *Id*.

{¶ **28**} Accordingly, for the reasons articulated above and consistent with the law, we grant appellant's application to reopen.

*Application for reopening granted.*

LUPER SCHUSTER, P.J., and MENTEL, J., concur.

———————————