[Cite as *State v. Walker*, 2025-Ohio-5191.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 24AP-329 |
| | | (C.P.C. No. 22CR-2438) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Demetrious D. Walker, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 18, 2025

*Shayla D. Favor*, Prosecuting Attorney, and *Michael A. Walsh*, for appellee.

*Demetrious D. Walker*, pro se.

ON APPLICATIONS TO REOPEN

JAMISON, P.J.

{¶ 1} Defendant-appellant, Demetrious D. Walker, has filed a timely application on June 9, 2025, pursuant to App.R. 26(B), to reopen his appeal. Subsequently, appellant filed an application to reopen on July 17, 2025, that this court will also consider in this decision. Plaintiff-appellee, State of Ohio, filed a memorandum opposing both of appellant's applications to reopen filed on June 9 and July 17, 2025. For the following reasons, we deny the application filed on June 9, 2025, and find the application to reopen filed on July 17, 2025 moot.

{¶ 2} On June 2, 2022, appellant was indicted for kidnapping, in violation of R.C. 2905.01, a felony of the first degree; rape, in violation of R.C. 2907.02, a felony of the first degree; attempted rape, in violation of R.C. 2923.02/2907.02, a felony of the second degree; and felonious assault, in violation of R.C. 2903.11, a felony of the second degree.

{¶ 3}    Appellant voluntarily waived and relinquished his right to a trial by jury and elected to have the matter heard by the trial judge.  Trial commenced on March 19, 2024, and on March 21, 2024, the trial judge rendered the decision in open court finding appellant guilty of all charges.  Appellant was sentenced to serve Counts 2 and 3 consecutively to each other and concurrently with Counts 1 and 4, for an aggregate indefinite prison term consisting of a minimum term of 14 years, with the potential maximum term of 19 years.  Further, he was also notified that he will be a sexual offender and classified, pursuant to S.B. 10, as a Tier III offender with registration duties to last a lifetime.

{¶ 4}    Appellant filed a direct appeal of the judgment, raising one assignment of error; "the trial court erred and deprived appellant of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article One, Section Ten of the Ohio Constitution by finding him guilty of kidnapping; rape; attempted rape; and felonious assault, as those verdicts were not supported by sufficient evidence and were also against the manifest weight of the evidence." (Capitalization normalized.) *State v. Walker*, 2025-Ohio-1070, ¶ 21 (10th Dist.).  On March 27, 2025, this court affirmed the trial court's judgment.  *Id.* at ¶ 41.

{¶ 5}    On June 9, 2025, appellant filed the instant application for reopening.  In his application, appellant asserts he received ineffective assistance of counsel.  Appellant is raising questions of fact and law challenging the credibility of the witnesses.

{¶ 6}    App.R. 26(B) provides that a defendant in a criminal case may apply for reopening an appeal based on a claim of ineffective assistance of appellate counsel. The rule contains several requirements for the proper filing of an application for reopening.  App.R. 26(B)(1) provides that an application for reopening shall be filed within 90 days from the journalization of the appellate judgment. An application for reopening must contain "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation." App.R. 26(B)(2)(c). Additionally, the application must contain "[a] sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the

appeal, which may include citations to applicable authorities and references to the record." App.R. 26(B)(2)(d). *See State v. Lechner*, 1995-Ohio-25, ¶ 4 (finding that the "affidavit required by App.R. 26(B)(2)(d)" was "mandatory"); *State v. Dingess*, 2013-Ohio-801, ¶ 12 (10th Dist.); *State v. Thompson*, 1998 Ohio App. LEXIS 1094 (10th Dist. Mar. 24, 1998).

### A. Application for reopening filed on July 17, 2025

{¶ 7} First, this court will address the application for reopening filed on July 17, 2025, alleging that he did not receive effective assistance of trial counsel. The Supreme Court of Ohio held " 'there is no right to file successive applications for reopening' under App.R. 26(B)." *State v. Twyford*, 2005-Ohio-4380, ¶ 6, quoting *State v. Williams*, 2003-Ohio-3079, ¶ 12. Secondly, appellant has not complied with App.R. 26(B)(1), which states that "an application for reopening shall be filed within 90 days from the journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Appellant filed this successive application for reopening more than 90 days after the journalization of the appellate judgment on March 27, 2025. The 90-day requirement in the rule is "applicable to all appellants." *State v. Winstead*, 1996-Ohio-52, ¶ 2. Appellant has offered no reason why he could not comply with the rule as he has a timely filed application pending with the court. Therefore, the application for reopening filed on July 17, 2025, is moot.

### B. Application for reopening filed on June 9, 2025

{¶ 8} The state notes that, in the instant case, that appellant's application filed on June 9, 2025, although timely filed, fails to raise a particular assignment of error. This court reviewed the application and finds that appellant's application fails to meet the requirements in App.R. 26(B) to provide "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation." App.R. 26(B)(2)(c). Appellant's assignment of error, "Tera L.L.C. V. R. Drilling Dg LLC, 176 OHio St 3d 505 Questions of Fact & Law HN3" fails to identify an error committed by trial counsel. (Sic passim.) (June 9, 2025 Application for Reopening at 3.) Pursuant to App.R. 26(B), an application "shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In order to demonstrate a genuine issue as to

whether the applicant was deprived of effective assistance of appellate counsel pursuant to App.R. 26(B)(5), the applicant must make " 'a colorable claim' of ineffective assistance of appellate counsel under the standard established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." *State v. Sullivan*, 2014-Ohio-673, ¶ 6 (10th Dist.).

{¶ 9} Under the *Strickland* test, as applied to an application for reopening, the applicant must demonstrate (1) appellate counsel was deficient in failing to raise the issues presented by the applicant (question of deficiency), and (2) the applicant had a reasonable probability of success if appellate counsel had presented those issues on appeal (question of prejudice). *Strickland v. Washington*, 466 U.S. 688 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In considering a claim of ineffective representation, we are mindful that appellate counsel has "wide latitude and the discretion to decide which issues and arguments will prove most useful on appeal" and is not required to argue assignments of error that are meritless. *Sullivan* at ¶ 7.

{¶ 10} The Supreme Court of Ohio held in *State v. Leyh*, 2022-Ohio-292, that there is a two-stage procedure required. "[T]he two-stage procedure prescribed by App.R. 26(B) requires that the applicant seeking permission to reopen his direct appeal show at the first stage that there is at least a genuine issue—*that is, legitimate grounds*—to support the claim that the applicant was deprived of the effective assistance of counsel on appeal." (Emphasis added.) *Leyh* at ¶ 25. *See* App.R. 26(B)(5). The burden is on the applicant to demonstrate a "genuine issue" as to whether there is a "colorable claim" of ineffective assistance of appellate counsel. *State v. Spivey*, 1998-Ohio-704, ¶ 7. Indeed, "[a] substantive review of the claim is an essential part of a timely filed App.R. 26(B) application." *State v. Davis*, 2008-Ohio-4608, ¶ 26. " 'If that showing is made and the application is granted, the applicant must then establish at the second stage the merits of both the direct appeal and the claim for ineffective assistance of appellate counsel. *See* App.R. 26(B)(9).' " *State v. Long*, 2022-Ohio-1601, ¶ 11 (10th Dist.), quoting *Leyh* at ¶ 25.

{¶ 11} Appellant has raised both factual and legal questions in his direct appeal when he raised both sufficiency of the evidence and manifest weight of the evidence arguments. This court affirmed the judgment of the trial court when it reviewed the factual

and legal questions in the direct appeal. Appellant has failed to meet his burden to demonstrate a genuine issue as his affidavit failed to raise any specific deficiencies as to either trial counsel or appellate counsel's performance but challenges the evidence deduced in trial. We therefore find that there is not a colorable claim of ineffective assistance of appellate counsel raised in the application to reopen.

{¶ 12} "The doctrine of res judicata bars the assertion of claims against a valid, final judgment of conviction that has been raised or could have been raised on appeal. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus." *State v. Price*, 2024-Ohio-5823, ¶ 16. Appellant raised one assignment of error in the direct appeal. The application to reopen is replete with challenges to DNA evidence, credibility of witnesses, specifically the SANE nurse, and inconsistent statements by witnesses. Because appellant filed a direct appeal, he is subsequently barred from raising the same claims in the application to reopen. Appellant has raised each claim in the direct appeal, his claims were reviewed by this court and affirmed, and he is subsequently barred from raising the same claims in the application to reopen. In its review, this court noted appellant's objections to evidence, credibility of witnesses, and affirmed the trial court judgment. There is nothing raised in the application to reopen that was not raised in his direct appeal and further, there is nothing raised that was not raised and considered.

{¶ 13} We find that appellant's application to reopen has not raised any issue for consideration that was not either considered or was not fully considered. Appellant's application for reopening filed on June 9, 2025 is denied. Appellant's successive application for reopening filed on July 17, 2025 is moot.

*Application for reopening filed June 9, 2025 denied;*
*application for reopening filed July 17, 2025 moot.*

EDELSTEIN and DINGUS, JJ., concur.

—————————